# GALLO VITUCCI KLAR
LLP

WWW.GVLAW.COM

Svitlana Astakhova
Associate
Manhattan Office
**sastakhova@gvlaw.com**
(212) 683-7100

March 26, 2026

SO ORDERED:

*George B. Daniels*

George B. Daniels, U.S.D.J.

Dated: **MAR 3 0 2026**

**Via ECF Only**
Hon. District Judge George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, NY 10007

Re:  Juana Mosquea Monegro v. Joel D. Aviles Samol and Contract Transportation
Systems Co., Case No.: 1:26-cv-00378-GBD
Transfer of Venue

Your Honor:

Defendants Joel D. Aviles Samol and Contract Transportation Systems Co. respectfully submit this joint application, pursuant to United States Code Section 1404(a), to transfer venue in this action to the United States District Court, Eastern District of New York, for the reasons set forth below.

This action arises out of a motor vehicle accident, which allegedly occurred on Wednesday, April 5, 2023, at 480 Peninsula Boulevard approximately 50 feet East of Rockaway Turnpike, in the Village of Lawrence, in the County of Nassau, New York. Santo Mosquea was the operator of a 2018 Mercedes-Benz vehicle bearing New York State license number KRM9809, in which Plaintiff Juana Mosquea Monegro was a passenger. *See,* ECF Doc. No. 1-2. Plaintiff Monegro claims she sustained personal injuries as a result of the accident. Plaintiff Monegro brought this action by filing a Summons and Complaint with the Supreme Court of the State of New York, County of Bronx, on December 16, 2025. *Id.* The action was subsequently removed to this Court on January 21, 2026 on the basis of diversity jurisdiction. *See,* ECF Doc. No. 1. The Defendants filed their Answer on January 21, 2026. *See,* ECF Doc. No. 8.

A related action, *Santo Mosquea v. Contract Transportation Systems Co., and Joel D. Aviles Samol,* was earlier filed by the operator of the Plaintiff's vehicle, Santo Mosquea, and is currently pending in the United States District Court, Eastern District of New York before Hon. Steven L. Tiscione under the docket number 2:25-cv-04323-SJB-ST. Both actions arise out of the same occurrence and involve common questions of law or fact.

Section 1404(a) of Title 28 provides "for the convenience of the parties and witness, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Manhattan 711 Third Avenue, Suite 500, New York, New York 10017; New Jersey 3 University Plaza, Suite 402, Hackensack, NJ 07601
Westchester 3 West Main Street, Suite 302, Irvington, NY 10533; Long Island 100 Crossways Park West, Suite 305, Woodbury, NY 11797

Including the former operations of Rubin, Fiorella, Friedman & Mercante LLP

The subject accident occurred in the County of Nassau, State of New York. Therefore, the Eastern District of New York is an appropriate venue. Further, all parties consented to the transfer.

As this court noted, the "situs of accident is traditionally an important factor to be considered in deciding where a case should be tried." *Soto v. Bey Transp. Co.*, No. 97-1177, 1997 WL 407247, 4 (S.D.N.Y. Jul. 21, 1997) *citing Miller v. Bombardier, Inc.*, No. 93-0367, 1993 WL 378585, at 4 (S.D.N.Y. Sept. 23, 1993). This court also considers the convenience of the parties and witness in determining whether to grant transfer of venue. The "inquiry is directed not at the numbers, but rather at the nature and quality of the witnesses' testimony and the question of whether they can be compelled to testify." U.S. Department of Justice, Civil Resource Manual § 42 *citing Capital Cabinet Corp. v. Interior Dynamics, Ltd.*, 541 F.Supp. 588, 591 (S.D.N.Y. 1982). Here, any non-party witnesses to the action are located within the Eastern District and could be compelled to testify there as the related action is already pending in that District.

Another important factor the court considers is the interest of justice, which is arguably open to interpretation. However, there are some matters that are considered to fall squarely within this "rubric," such as the efficient use of judicial resources and avoidance of unnecessary waste and expense. DOJ, Civil Resource Manual § 42 *citing Continental Grain Co. v. The FBL-585,* 364 U.S. 19, 26-27 (1960). In the instant case, transferring this action to the District in which there is already a pending action would promote efficient use of judicial resources and avoid unnecessary waste and expense. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co.*, 364 U.S. 19, 26 (1960). Further, there is the added benefit of avoiding inconsistent adjudications and reducing congestion in the already-congested courts.

Without transfer of this action to the Eastern District, the cases cannot then be consolidated. Unless the subject actions are consolidated, the parties would also have to expend additional time, manpower, and funds to go through discovery and trial in two cases rather than one. There will necessarily be repeated depositions of the same witnesses, innumerable repetitious applications for discovery and inspection, with the resultant vastly increased expense and delay to litigants, and inconvenience to counsel, witnesses and the court. *Rando v. Luckenbach S.S. Co,* 155 F Supp 220, 221 (EDNY 1957). Individual trials would necessitate repetition of testimony respecting the occurrence which is the basis of all the actions. Change of venue and, ultimately, consolidation of two actions, on the other hand, would promote judicial economy, avoid duplicative proceedings, and streamline adjudication of related matters. *Id.*

An Initial Conference in this action is scheduled for April 1, 2026. In the *Mosquea* action, only written discovery has been exchanged to date. No depositions have taken place in either action.

As such, Defendants respectfully request that the Court transfer this action to the United States District Court, Eastern District of New York. Plaintiff's counsel consents to this request.

Respectfully submitted,

Svitlana Astakhova, Esq.
GALLO VITUCCI KLAR LLP

cc: All parties via ECF